JUSTICE REGNIER
dissenting.
¶ 17 I dissent from the majority’s conclusion that the District Court erred in determining that Officer Korell, when considering the totality of the circumstances, had a particularized suspicion to stop Jarman.
¶ 18 The maj ority concedes that the District Court’s critical findings were supported by substantial evidence: first, there was substantial evidence to support Officer Korell’s suspicion that Jarman was the person involved in the domestic disturbance and, second, there was substantial evidence to support Officer Korell’s conclusion that the defendant was trying to elude him. The majority then wrongly concludes, in my view, that the officer’s testimony was not based upon reasonable inferences from objective data.
¶19 At approximately 3:00 on a Monday morning, Officer Korell was responding to a report of a domestic disturbance involving a woman and her boyfriend. When Korell arrived at the woman’s home, he was informed that the suspect was heading toward an apartment complex about three blocks away. En route to the apartment complex, Officer Korell saw only one person in the area, a man standing next to a car by a pay telephone. It was twenty degrees below zero and indoor phones were available at nearby convenience stores. There was no other traffic in the area. The man appeared to be about the same age as the reported suspect.
¶20 Officer Korell thought it was suspicious that someone would use an outdoor pay phone when it was twenty degrees below zero and there were indoor phones available. Officer Korell then drove around the block and returned, but the phone had been left dangling off the hook and Jarman’s vehicle was not in the area. Korell testified that it was obvious to him that the man he observed had left in a hurry. As Korell continued to patrol the area, he observed Jarman’s vehicle leaving the parking lot of an apartment complex. Officer Korell then initiated the stop.
*397 ¶21 The maj ority essentially takes issue with inferences drawn by Officer Korell when faced with these facts. First, the majority points out that there was nothing in the record to connect Jarman to the domestic disturbance other than he was the only male observed in the area. The majority then focuses on Officer Korell’s admission at the suppression hearing that if Jarman was trying to elude him after being spotted at the pay phone, he could have been several miles away from the area where he was ultimately stopped.
¶22 It is apparent from the record, however, that Officer Korell was suspicious of Jarman not just because he was the only male he observed on the streets. Korell was responding to criminal activity that had just occurred; Jarman appeared to be the same age as the reported suspect; and he was the only person in the vicinity where Officer Korell had just been told the suspect could be found. Yet, Officer Korell did not stop Jarman when he first saw him. He drove around the block and when he returned Jarman and his car were gone and the phone was dangling off the hook. This convinced Korell that Jarman was trying to elude him. At that point, Korell had a particularized suspicion to stop the defendant. The fact that Jarman traveled only a short distance from the pay phone to the apartment complex instead of further away to elude Officer Korell is immaterial. Korell already had a particularized suspicion to stop Jarman before he found him in the parking lot.
¶23 In summary, I believe the investigatory stop complied with the standards set forth in § 46-5-401, MCA and our guidelines in State v. Gopher (1981), 193 Mont. 189, 194, 631 P.2d 293, 296. The District Court properly denied Jarman’s motion to suppress.
CHIEF JUSTICE TURNAGE and JUSTICE NELSON join in the foregoing dissenting opinion.